```
                        United States Bankruptcy Court
                        Eastern District of Pennsylvania
In re:                                                              Case No. 13-11862-amc
Jean Evans Paulema                                                  Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Jul 13, 2018
                              Form ID: 3180W           Total Noticed: 11
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 15, 2018.
db             +Jean Evans Paulema,    7322 Pittville Avenue,    Philadelphia, PA 19126-1527
13113600       +American InfoSource LP as agent for,   DIRECTV, LLC,    Mail Station N387,    2230 E Imperial Hwy,
                 El Segundo, CA 90245-3504
13178022        M&T Bank as servicer for Lakeview Loan,    Servicing, LLC,    PO Box 840,
                 Buffalo, NY 14240-0840

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Jul 14 2018 02:08:25     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 14 2018 02:07:18
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 14 2018 02:08:22     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13064748        EDI: AIS.COM Jul 14 2018 05:48:00      American InfoSource LP as agent for,    Verizon,
                 PO Box 248838,   Oklahoma City, OK  73124-8838
13003015        EDI: AIS.COM Jul 14 2018 05:48:00      American InfoSource LP as agent for,
                 Midland Funding LLC,    PO Box 268941,   Oklahoma City, OK  73126-8941
13357472        EDI: JEFFERSONCAP.COM Jul 14 2018 05:48:00      JEFFERSON CAPITAL SYSTEMS LLC,    PO BOX 7999,
                 ST CLOUD MN 56302
13116121        EDI: RESURGENT.COM Jul 14 2018 05:53:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of FFPM Carmel Holdings I, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13027625        EDI: NEXTEL.COM Jul 14 2018 05:48:00     Sprint Nextel,    Attn Bankruptcy Dept,    PO Box 7949,
                 Overland Park KS 66207-0949
                                                                                              TOTAL: 8

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 15, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 12, 2018 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    M&T as servicer for Lakeview Loan Servicing
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              ANDREW F GORNALL    on behalf of Creditor    Lakeview Loan Servicing, LLC agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    M&T as servicer for Lakeview Loan Servicing
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              DAVID   NEEREN    on behalf of Creditor    Lakeview Loan Servicing, LLC dneeren@udren.com,
               vbarber@udren.com,
              GEORGETTE   MILLER    on behalf of Debtor Jean Evans Paulema info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
               rlaw.com;smithcr50524@notify.bestcase.com;millergr50524@notify.bestcase.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    M&T as servicer for Lakeview Loan Servicing
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T as servicer for Lakeview Loan Servicing LLC
               bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T as servicer for Lakeview Loan Servicing
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    M&T as servicer for Lakeview Loan Servicing
               bkgroup@kmllawgroup.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2            Date Rcvd: Jul 13, 2018
                              Form ID: 3180W          Total Noticed: 11


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              REBECCA ANN SOLARZ    on behalf of Creditor   M&T as servicer for Lakeview Loan Servicing LLC
               bkgroup@kmllawgroup.com
              SALVATORE   CAROLLO    on behalf of Creditor   Bank of America, N.A ldoyle@udren.com,
               cblack@udren.com
              SHERRI J. Smith    on behalf of Creditor   Bank of America, N.A
               sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
              SHERRI J. Smith    on behalf of Creditor   Lakeview Loan Servicing, LLC
               sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
              THOMAS I. PULEO    on behalf of Creditor   M&T as servicer for Lakeview Loan Servicing
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                            TOTAL: 16
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Jean Evans Paulema** | Social Security number or ITIN  **xxx–xx–8687** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN  _ _ _ _ |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–11862–amc** | |

# Order of Discharge                                                                                                  12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

　　Jean Evans Paulema
　　aka Jean–Evans Paulema

<u>7/12/18</u>                                                          **By the court:**      <u>Ashely M. Chan</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

　　♦ debts that are domestic support obligations;

　　♦ debts for most student loans;

　　♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**